# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| DESHAWN WALTON,<br><br>    Plaintiff,<br><br>v.<br><br>BRIGHTSTAR CORP.,<br><br>    Defendant. | CASE NO. 3:18-CV-423 |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS

BEFORE THE COURT is the parties' Joint Motion for Entry of Stipulated Protective Order. Upon consideration, the Joint Motion for Entry of Stipulated Protective Order is GRANTED, on the following terms:

1. In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, this Order governs the use, handling, and disclosure of all documents, testimony, or information produced or made available through discovery in this action.

2. Documents and information have been and may be sought, produced, or exhibited by and among the parties to this action that are confidential in nature, and so enable the parties to preserve and maintain the confidentiality of certain documents and information, the parties agree as follows:

  (a)  As used in this Order, "Confidential Information" means any document, interrogatory answer, answer to a request for admission, and deposition or hearing transcript, or portions thereof, that is designated as such by any attorney of record in this Lawsuit, together with all information contained therein and derived therefrom, and all copies, excerpts, or summaries thereof. Pleadings, motions, briefs, affidavits, and any exhibits thereto that quote,

summarize, or contain Confidential Information may themselves be considered as Confidential Information if designated as such by any attorney of record in this Lawsuit. A designation of any materials as "Confidential" must be made in good faith, based on a reasonable belief that the document or information so designated contains trade secrets or other confidential research, commercially sensitive or proprietary information, sensitive personal information, private financial information, Protected Health Information of individuals who are afforded confidentiality protection under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the associated regulations, 45 C.F.R. parts 160-164, or other non-public information permitted by law to be designated as confidential.

(b) As used herein, "Highly Confidential Information" means any confidential information that is so sensitive that access to it should be limited only to Outside Litigation Counsel in this Lawsuit and to paid outside consultants or experts retained by counsel of record solely for the purpose of assisting litigation counsel in this Lawsuit.

3. Any party or non-party producing or exhibiting documents or other materials in this action may designate such materials and the information therein as subject to this Order by typing or stamping on the front of the document, or on the appropriate portions of the document, the word "CONFIDENTIAL" for "Confidential" information and "ATTORNEYS' EYES ONLY" for "Highly Confidential" information. Alternatively, or in addition, particular files and documents produced in electronic format or via electronic means (*e.g.*, CD, DVD, file sharing websites) must also be re-named to include a confidentiality designation ("CONFIDENTIAL" for "Confidential" information and "ATTORNEYS' EYES ONLY" for "Highly Confidential" information) either in the name of the particular file or in the name of the folder in which it is produced (where all items within that folder are designated alike).

4. All documents or other materials subject to this Order may be used solely for the preparation and trial of this action, including any appeals, and may not be used for any other purpose. The parties further agree that the provisions of this paragraph are not intended to and do not apply to the State of Florida as necessary to facilitate its enforcement of law.

5. Except with the prior written consent of the individual or entity designating a document or information as "Confidential" and "Highly Confidential" such document or information may not be disclosed, disseminated, or exploited other than in accordance with this Order, and may not be disclosed to any person except as set forth herein.

(a) Disclosure of "Confidential" documents and information is restricted to:

i. The Court and its officers and staff.

ii. Outside counsel of record for each party in this action, including attorneys, staff, and clerical and support personnel employed by outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel for this litigation.

iii. The parties to this litigation and their counsel, whether retained counsel, in-house counsel, or employees of counsel assigned to assist in this litigation.

iv. Fact witnesses to whom "Confidential" documents or information are relevant.

v. Experts specifically retained as consultants or expert witnesses in connection with this litigation.

vi. Outside vendors who are necessary to assist counsel of record in the preparation and trial of this action.

vii. Court reporters employed in connection with this litigation.

viii. Any person to the extent required by Court Order, subpoena, or by operation of law.

(b) Disclosure of "Highly Confidential" documents and information is restricted to only:

    i. The Court and its officers and staff.

    ii. Outside counsel of record for each party in this action, including attorneys, staff, and clerical and support personnel employed by outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel for this litigation.

    iii. Experts specifically retained as consultants or expert witnesses in connection with this litigation.

    iv. Outside vendors who are necessary to assist counsel of record in the preparation and trial of this action.

    v. Court reporters employed in connection with this litigation.

    vi. Any person to the extent required by Court Order, subpoena, or by operation of law.

6. No document containing PHI may be disclosed to any person identified in subparagraphs 5(a)(iii)-(ix) or 5(b)(iii)-(vii) unless, prior to disclosure, such person is advised that the document contains PHI protected by HIPAA and this Agreement. No document containing PHI may be disclosed to any person or entity not described in paragraph 5 above.

7. All persons to whom confidential documents or information are disclosed may not disclose such documents or information to any person except as provided in this Order. Each person identified in subparagraphs 5(a)(iii)-(xi) or 5(b)(iii)-(vii) to whom any "Confidential" or "Highly Confidential" document or information is to be disclosed must first be made aware of the existence of this Agreement, to be advised of their obligation to honor its terms, and to acknowledge in writing their understanding and agreement to do so (in the form of Exhibit "A" to this Agreement).

8. The objective of this Order is to facilitate discovery and the production of relevant evidence in this action. Neither this Order nor the designation of any "Confidential" or "Highly Confidential" document or information, nor the failure to make such designation, constitutes evidence with respect to any issue in this action.

9. If a non-party serves an informal request, formal request, subpoena, or other compulsory process for "Confidential" or "Highly Confidential" documents and/or information designated in this action, the receiving party of that request may not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without first notifying the designating party in writing of: (1) the information and/or documentation sought; (2) the date on which compliance is requested; (3) the location at which compliance is requested; (4) the identity of the person or entity making the request; and (5) the case name, jurisdiction, and identification number (whether index, docket, complaint, charge, civil action or other identification number) identifying the litigation, administration proceeding, or other proceeding in which the request has been issued. The receiving party must provide such notification to the designating party no later than five business days from the date upon which the receiving party first received notice of the request. If within seven business days after receipt by the designating party of notice of the request, the designating party intervenes or otherwise appears in the relevant proceeding and objects to the disclosure, then no designated materials may be disclosed in the absence of a court or administrative order. The receiving party may not produce any designated material before the expiration of the time by which the designating party can object to the disclosure.

10. Nothing in this Order prevents or otherwise restricts counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential" or "Highly Confidential" documents and/or information; provided, however, that in rendering such

advice and otherwise communicating with such client, counsel may not make specific disclosures except as provided in Paragraph 5 above.

11. This Order does not prevent a party from using at trial or in dispositive motions any documents or information designated "Confidential" or "Highly Confidential." However, the parties must endeavor, to the greatest extent possible, to refrain from filing "Confidential" or "Highly Confidential" documents or information. If a party determines that the filing of "Confidential" or "Highly Confidential" documents and information are necessary to support substantive legal argument, the parties must engage in a good faith conference with opposing counsel reasonably in advance of either filing "Confidential" or "Highly Confidential" documents or information with the Court on the open docket with redactions or seeking leave to file such documents or information under seal.

12. Parties who still desire to file "Confidential" or "Highly Confidential" documents or information with the Court, after undertaking the obligations of paragraph 12 herein, must first seek leave of Court to file such documents or information under seal.

13. Within 30 days after the final termination of this litigation, all "Confidential" and "Highly Confidential" documents and information must be destroyed or returned to the party originally producing such documents and information. Further, if the parties resolve this litigation through an alternative dispute resolution mechanism, including informal settlement negotiations or mediation, all "Confidential" and "Highly Confidential" documents and information must be destroyed or returned to the party originally producing such documents and information no later than 30 days after the Settlement Agreement is signed by both parties. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

14. In the event that any party to this litigation disagrees with any designation made under this Agreement, the parties agree to engage in good faith attempts to resolve such dispute

on an informal basis. If the dispute cannot be resolved, and only as a last resort, the party objecting to the designation may seek appropriate relief from this Court. Such objections and any response are limited to 5 pages. During the pendency of any challenge to the designation of a document or information, the designated document or information must continue to be treated as "Confidential" or "Highly Confidential" as designated by the producing party.

15. Nothing in this Order affects the applicability of Federal Rule of Civil Procedure 26 in the event that documents and/or information which are protected by any privilege or protection recognized by law are inadvertently produced.

16. Nothing in this Order affects or restricts the rights of any party with respect to its own documents or to the information obtained or developed independently of "Confidential" or "Highly Confidential" documents or information.

17. Nothing in this Order prevents any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

**DATED** this 12th day of December, 2018.

Signed: December 12, 2018

Graham C. Mullen
United States District Judge

EXHIBIT "A"
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **DESHAWN WALTON,** <br><br>     **Plaintiff,** <br><br> v. <br><br> **BRIGHTSTAR CORP.,** <br><br>     **Defendant.** | **CASE NO. 3:18-CV-423** |

   I, _____, hereby acknowledge that I have read the Stipulated Protective Order Regarding Confidential Materials in the above-styled action, that I understand the terms thereof, that I agree to be bound by such terms, and that I agree to submit to the Jurisdiction of the U.S. District Court for the Western District of North Carolina for purposes of enforcing the Agreement.

   This _____ day of _____, 20\_\_\_\_.

                  _____
                  Signature

                  Address:
                  _____

                  _____